### RUMSEY *vs.* LEEK.

The *submission* to arbitration by a *feme covert,* and a *promissory note* made by her to bind the submission, without the assent of her husband, are *void ;* and the *coverture* may be shewn in bar to an action on a note given by the opposite party to bind the submission on his part, such evidence shewing a want of consideration for the note on which the suit is brought.

A note void for want of consideration cannot be recovered by an assignee having full knowledge of the facts.

ERROR from the Seneca common pleas. Leek sued Rumsey in a justice's court, and declared on a note given by the defendant to one Catharine Losee or *bearer* for the sum of $100, bearing date 15th February, 1828, on which there were

two endorsements, one of $50 and the other of $7 ; the de-
fendant pleaded the general issue, and that the note was fraud-
ulently obtained, and charged the plaintiff with notice. The
cause was tried by a jury in the justice's court, who found
for the defendant, and the justice rendered judgment for him.
The plaintiff appealed to the Seneca common pleas, and on
the trial in that court, it appeared that certain matters were
submitted to arbitration by Catharine Losee, and Rumsey,
the defendant below ; that notes of $100 each were made
by each to the other ; that those notes were put into the hands
of the arbitrators, the note of the party against whom they
found to be endorsed down to such sum as the arbitrators
should award to be paid to the successful party ; to whom
the same, together with the note made by him or her, was to
be delivered. The arbitrators found for Catharine Losee,
and after making the above endorsements, delivered both
notes to her. The defendant then offered to prove that Cath-
arine Losee, at the time of the making of the notes was, and
ever since had been, a *married woman*; that the plaintiff in
the cause was one of the arbitrators, knew all the facts in re-
lation to the arbitration, and that Catharine Losee was a mar-
ried woman. This evidence was objected to, and rejected by
the court. The jury found for the plaintiff, and judgment
was entered on such verdict.

*J. M'Allister*, for plaintiff in error.

*Birdsall & Clark*, for defendant in error.

*By the Court*, SUTHERLAND, J.   I am inclined to think the
court erred in excluding the evidence offered by the defend-
ant below.   It was objected to, as going into the merits of the
award, and was rejected on that ground.   Its object was to
shew that there was *no consideration* for the note on which
the suit was brought.   The consideration was either the
agreement on the part of Mrs. Losee to arbitrate, or the note
given by her to the defendant.

Now it is well settled, as a general rule, that a married
woman cannot be a party to a submission without her hus-
band, whether the subject of controversy arose before or af-

ter her marriage. *Kyd on Awards, ch.* 2, *p.* 35. And it is equally well settled that she cannot bind herself by note or bill of exchange, so as to be liable at law. *Chitty on Bills,* 23, 4, *and notes, Philad. ed. of* 1821. If both the submission and the note of Mrs. Losee were void, then there certainly was no consideration for the note of the defendant. If the award had been in his favor, he could not have enforced it either against Mrs. Losee or her husband, unless it were shewn that she acted as his agent and by his authority, which is not pretended.

Admitting that there may be exceptions to the general rule that the promissory note or submission of a feme covert is absolutely void, it was for the plaintiff to shew that this was a case of that description. It was sufficient for the defendant to bring his case within the general rule in the first instance.

The evidence offered did not involve or lead to an investigation of the merits of the award; its effect was to shew that there was in fact no legal submission, and of course no authority to make any award.

The plaintiff having received the note with full knowledge of all the circumstances offered to be proved, the consideration may be inquired into, in the same manner as between the original parties. 2 *Johns. R.* 300. 10 *id.* 198. 11 *id.* 128. 12 *id.* 159. 13 *id.* 238. The property in the note also vested in the husband of the payee, and she could not transfer it. *Chitty on Bills,* 25, 93. 1 *East,* 432. 8 *Johns. R.* 98.

Judgment reversed, and *venire de novo* to Seneca common pleas.