## SUPREME COURT.

In the Matter of the Application of W. COBEE, for an Order
requiring J. T. DAVIS to deliver over Books and Papers.

The provisions of the statute under which a successor in office may apply to a
justice of the Supreme Court, to compel his predecessor to deliver over to
him, the books and papers appertaining to his office, apply as well to seperin-
tendents and collectors of tolls on the canals, as to other officers.

In case of proceedings, under that statute, against a collector of tolls on the
canals, it is not necessary to show that any notice has been served by a canal
commissioner.

*At Chambers, November,* 1853. The petition of William
Cobee, showed on the oath of the petitioner, that on the 12th
day of October, 1853, he was duly appointed by the Canal
Board, collector of tolls at West Troy, in the place of James
T. Davis, who was on that day removed from said office by
said board, and that on the 17th day of October he took and
filed the prescribed oath of office, and on the 26th day of Octo-
ber he filed the official bond required by law, after the same
had been duly approved.

It was also shown that documentary evidence of such removal and appointment had been delivered personally by the petitioner to said Davis, and that on the 28th day of October, the petitioner called on said Davis and demanded from him the books and papers in his custody as such canal collector, with which demand said Davis refused to comply; that said Davis was in possession of such books and papers at the time of such demand, and that he still retained possession of the same. The petitioner prayed for an order to show cause why said Davis should not be compelled to deliver to him said books and papers. The petition was accompanied by certified copies of the order of removal and appointment, of the official bond and other documentary evidence of the facts set forth in the petition.

On an order to show cause, the defendant showed by affidavit, that he was duly appointed collector of tolls at West Troy, in February, 1853, at a yearly salary of $900, his term of office to commence on the 1st day of April, 1853; that he gave the requisite bond and took the oath prescribed by law, and entered upon the duties of his office, and had continued to discharge the duties of his office to the best of his ability. That no charge had been made against him by the Canal Board, or any member thereof, nor by any other person, and that no notice of any charge of misconduct had ever been served upon him. And further, that no notice had been given to him by any of the canal commissioners, requiring him to surrender up his office or any of the books or papers therein, to William Cobee, or any other person; that the only demand ever made for said books and papers was made by said Cobee on the 28th day of October, 1853, and that was not accompanied by any notice or request from the canal commissioner that he should deliver up said books and papers to said Cobee.

J. K. PORTER and P. CAGGER, *for Cobee.*

JOB PIERSON, *for Davis.*

PARKER, Justice.—This application is made under a provision of the Revised Statutes, (1 *R. S.*, 3*d ed.*, 128, § 54,) which declares that whenever any person shall be removed from office,

Cobee agt. Davis.

or the term for which he shall have been elected or appointed, shall expire, he shall, on demand, deliver over to his successor, all the books and papers in his custody as such officer, or in any way appertaining to his office. The next section provides, that if any person shall refuse or neglect to deliver over to his successor any books or papers as required in the preceding section, such successor may make complaint thereof to any justice of the Supreme Court, who shall grant an order directing the person so refusing, to show cause before him within some short and reasonable time, why he should not be compelled to deliver the same. The officer is required to proceed at the time so appointed, upon due proof of the service of such order, to enquire into the circumstances, and unless the person charged with withholding such books and papers shall make affidavit that he has truly delivered them over to his successor, and if it shall appear that they have been withheld, the officer is required to enforce such delivery by warrant of commitment, and may issue a search warrant for the purpose of finding and bringing before him such books and papers.

It is claimed by the counsel for Davis that these provisions are not applicable to officers employed on the canals, and that they can only be proceeded against for withholding books and papers before a justice of the peace, and after seven days notice shall have been served by the acting canal commissioner. This objection involves the question of my jurisdiction to entertain this proceeding, as well as that of the necessity for a notice from the canal commissioner, which it appears in this case has not been given. In support of this position, the counsel relies on certain statutory provisions enacted in 1820, (*Laws of* 1820, *p.* 188, § 12; 2 *R. S.*, 3*d ed.* 280, § 231,) which it is necessary to consider. By those enactments it is made the duty of every agent, toll collector, book keeper, or superintendent employed on any canal, and occupying any house, office, building or land belonging thereto, who shall be discharged from his employment, and of the wife and family of any such person, who shall die in such employment, to deliver up the possession of the premises so occupied, and of all books, papers, matters or

things belonging to the canals, acquired by virtue of his office, within seven days after notice shall have been served for that purpose by the acting canal commissioner. And in case of a neglect or refusal to make such delivery, in either of the above cases, it is made the duty of any justice of the peace, in the county where such premises are situated, upon application, to issue his warrant, ordering any constable to enter upon the premises so occupied, in the day time, and remove therefrom all persons found in possession thereof, and to take into his custody all books, papers, matters and things there found, belonging to the canals, and to deliver the same to the acting canal commissioner or his authorized agent.

It is true, these provisions thus relied upon, are specially applicable to officers on the canals, and to them alone; but they by no means exempt such officers from the operation of the general statute, under which this proceeding is instituted, and which was first enacted in 1830, ten years after the act referred to, and was made applicable to all officers in the State, holding over, whether they had held by election or by appointment. (*See Revisor's notes,* 3 *R. S.,* 2*d ed.,* 144; 5 *Hill,* 632—*note.*) Indeed the remedies could hardly be considered as concurrent, or if so, to but a very limited extent; for they depend generally upon different circumstances, and have different objects in view. In this proceeding the application is made by the successor in office, and the question is between him and his predecessor. Under the act of 1820, the successor is in no respect a party, but the proceeding is instituted by the canal commissioner alone, with a view to the preservation of the public property. Under that act this complainant could have no relief. It is not adapted to his case, and was not intended to be. Nor could the canal commissioner obtain possession of any books, papers, or other canal property under the provisions authorizing proceedings in this case. They are equally inapplicable. I do not mean to say that the canal commissioner may not proceed under the act of 1820, in cases where there has been a removal and a successor appointed, to obtain books and papers with a view to deliver them to

such successor, and for his benefit. There might thus, perhaps, be accomplished indirectly, what was intended to be done directly by the act of 1830. So far, these remedies may be considered concurrent; and in such case, and in all cases where the canal commissioner is the moving party, the seven days notice is undoubtedly required. There is good reason for requiring such notice under the act of 1820, where the party proceeded against has no hearing, and where a warrant of possession issues, of course, at the expiration of the time; and there is certainly less reason for requiring it, where, as in this case, the first proceeding is an order to show cause, and the party is heard, before any compulsory process can issue. But the act of 1830, makes the party appointed to office, entirely independent of such intermediate action, and gives to him the right of an immediate and personal appeal to the law for the enforcement of his rights.

The language of the statute under which this proceeding is instituted, clearly shows, that its object was to protect a party elected or appointed to office, against an unlawful withholding, by his predecessors, of the books and papers of the office; and I think it is equally clear, that the object of the other statute was to give to the canal commissioner the custody and control of property belonging to the canals.

In its terms, the statute is not made applicable to cases where a successor has been appointed, but only to cases where the officer is discharged from employment on the canals, or dies in such employment. Nor could it have been intended to apply except where the office is vacant, for in case of the appointment of a successor, the possession of the property would belong to him and not to the canal commissioner, to whom alone it is required to be delivered by that statute.

This view of the purpose and scope of that statute is confirmed by the consideration, that it is only made applicable to officers occupying a house, office, building or land belonging to the canals; and the principal object of the proceeding is to obtain possession of the premises so occupied, and of other property belonging to the canals. The obtaining of books and

papers seems to be but a secondary consideration.   The war-
rant issued by a justice of the peace, is, to remove all persons
found in possession of such premises, and to take into custody
all books, papers, matters and things there found, belonging to
the canals, and to deliver the same to the canal commissioner or
his agent.   Under that proceeding the warrant would not reach
books and papers removed from the premises, nor is any pro-
vision made, under that statute, for relief in such a case.

If I am right in this view of the case, the complainant is
entitled to relief under the general act, and the objection to the
jurisdiction, and that to the want of notice from the canal
commissioner, are equally untenable.

It is further objected on the part of the party resisting, that
he could only be removed by the Canal Board for cause, and
that he is, therefore, at this time, the lawful incumbent of the
office.   It does not appear before me on what ground he was
removed, though it is shown by his affidavit that no notice of
any charges was served upon him, and that no charges of dere-
liction of duty had been made against him.   But we have
nothing to do here with the ground of removal.   The statute
confers the most ample powers on the Canal Board to remove
superintendents of repairs and collectors of tolls "when they
judge such removal proper."   (1 R. S. 260, 3d ed., § 95.)
That Board alone has the right to decide upon the propriety
of such removal, and its action in the matter is final and con-
clusive.

It does not detract from this estimate of the power of the
Canal Board, that it is authorized by the next section, to direct
the district attorney to conduct an inquiry into the truth of any
charges made against any collector, or any officer appointed by
the Canal Board.   It is in the discretion of the board to direct
such inquiry, or to act without it.

This case is one in which, I think, the complainant's title to
the office is " clear and free from reasonable doubt," (*People
agt. Stevens*, 5 *Hill*, 610,) and it is therefore a proper case for
enforcing the delivery of the books and papers under the statute

authorizing this proceeding. A warrant must accordingly be issued, if the defendant neglects to deliver up such books and papers, after notice of this decision.