### MILES DAVIS and others *v.* NATHANIEL L. McCREADY and others.

In an action brought by an endorsee, against the acceptors of a bill of exchange, it appeared that the plaintiff took the bill for value, before maturity, with knowledge that it was originally drawn and accepted in payment for a ship sold to the drawers and acceptors, and that the vendor, upon receiving the bill, covenanted to repair the ship and render her seaworthy. The vendor failed to repair, but the evidence was insufficient to charge the plaintiff with notice of such failure. *Held*, that the acceptors were without an available defence to the action.

A third person taking a bill or note before maturity, for value, with knowledge of the original consideration, but without notice of any failure thereof, is entitled to recover.

The court will not ordinarily interfere with the finding of a referee, upon a question of fact, where there is evidence both to sustain and to overthrow the finding.

THE plaintiffs sued as endorsees of a bill of exchange for $1,875, drawn by one Daniel Mesmore, and accepted by the defendants.

The bill was drawn by Mesmore, in Norfolk, Virginia, to the order of one Barnabus Baker, and addressed to the defendants at New York, under their firm name of McCready, Mott & Co. It was accepted by the defendants, and was then passed by the payee to the firm of J. & B. Baker, who afterwards, and before maturity, endorsed the bill, for value, to the plaintiffs, forming the firm of Davis & Thomas. The bill was discounted for the plaintiffs by the Exchange Bank of Norfolk; but, being protested for non-payment, it was taken up by them, they paying the bank $2,001 02, being the principal, interest, fees of protest, damages and exchange thereon, as allowed by the laws of Virginia.

It was proved that the plaintiffs took the bill with knowledge that it was originally drawn by Mesmore, accepted by the defendants, and delivered to Barnabus Baker, the payee, in part payment for the purchase money of the brig " Ohio," sold by his firm of J. & B. Baker, to them jointly ; and that at the time of such purchase and delivery of the bill, it was agreed between J. & B. Baker, on the one hand, and Mesmore and the defendants on the other, that the brig should be repaired by the vendors, and rendered by them tight, staunch, strong and perfectly seaworthy.

This agreement was not performed ; but the referee, by whom the cause was tried, found that the plaintiffs had no notice of its non-performance. The testimony on this point was conflicting.

Mesmore assigned to the defendants his interest in an alleged claim against J. & B. Baker, for damages for the breach of the agreement last mentioned, it being alleged that such damages had arisen upon a voyage of the brig. The assignment, however, although dated before the commencement of the suit, was not, in the opinion of the referee, actually executed until afterwards. The evidence, however, on this point, also, was conflicting.

The defendants claimed, in their answer, that the plaintiffs took the bill with such knowledge as incapacitated them to recover—it being shown that the original consideration of the acceptance had failed to the extent of any damages which they had suffered from the failure to repair. They also insisted that they were entitled to recoup such damages, or to be allowed the same by way of " counter claim."

The referee reported—

" That the damage arising from the non-fulfillment of the agreement for the sale of the brig, being joint and indivisible, cannot be set up by way of counter claim by the defendants; that such damages belong to the defendants jointly with John Mesmore, who is not a party to the action; and the defendants, not having acquired the interest of John Mesmore in such damages, prior to the commencement of the action, cannot avail themselves of them by way of defence, either as showing a partial failure of consideration, nor as a counter claim to the plaintiffs."

And he further reported that the plaintiffs were entitled to recover the sum of $2,001 02 aforesaid, with interest subsequently accrued, and costs, amounting in all to $2,401 36; for which said last mentioned sum judgment was docketed, and the defendants appealed to the general term.

*John Raymond* and *Anthony R. Dyett*, for the defendants, cited *Weinholt* v. *Spitter*, 3 Camp. 376 ; *Barber* v. *Backhouse*, Peake R. 61 ; *Demilton* v. *Bacon*, 10 J. R. 198 ; *Frisbee* v. *Hoffnagle*, 11 ib. 50 ; *Evans* v. *Kymer*, 1 Bar. & Ad. 529 ; *Roberts* v. *Eden*, 1 B. & P. 398 ; *Phœnix Ins. Co.* v. *Figuet*, 7 Johns. R. 384, and note at end of case ; *Judd* v. *Dennison*, 10 Wend. 512 ; *Freeman* v. *Clute*, 3 Barb. 429 ; *Vallett* v. *Parker*, 6 Wend. 522 ; *Rumsey* v. *Leek*, 5 ib. 22 ; *Spalding* v. *Vandercock*, 2 ib. 432 ; *Hall* v. *Hare*, 8 Comst. 340 ; *Ayer* v. *Hutchins*, 4 Mass. 370 ; *Gill* v. *Cubitt*, 3 Barn. & Cres. 461 ; Code, § 150, subd. 1 ; *Owston* v. *Eagle*, 13 East, 538 ; *Servantes* v. *James*, 10 B. & C. 410 ; *Hoare* v. *Dawes*, Doug. 371 ; *Cooper* v. *Eyre*, 1 H. Bl. 37 ; *Speerman* v. *Degrave*,

2 Vernon, 263; *U. S. Ins. Co.* v. *Scott*, 1 Johns. 196; *Sands* v. *Childs*, Salk. 32; Code, §§ 144, 153.

*John Sessions*, for the plaintiffs, cited Chitty on Cont. 8th Am. ed. 767, n. 1; 7 Greenleaf, 57; 21 ib. 457; 4 Barb. 261; 3 ib. 424; 2 Denio, 609; 25 Wend. 665; 4 ib. 483; 5 Taunt. 192; 3 Esp. 46; 15 Peters, 377; *Alexander* v. *Fink*, 12 Johns. 219; *Orchard* v. *Crow*, 12 Barb. 294; *Hayes* v. *Symonds*, 9 ib. 260; *Foster* v. *Coleman*, 1 E. D. Smith, 85; *Mazetti* v. *N. Y. and Harlem R. R. Co.*, 3 ib. 98.

By the Court. Ingraham, First J.—The bill in suit was passed to the plaintiffs for a valuable consideration, before maturity.

They knew the consideration of the bill, but the referee has found that they took it without knowledge of any failure of the consideration as between the original parties.

Two questions arise in the case:

1st. Whether a party who takes a note before maturity, for value, with notice of the consideration, and without notice of any failure of it, is chargeable with notice, so as to permit the defendants to avail themselves of such failure.

2d. Whether a partial failure of consideration can be available to the defendants, against such holder, in an action upon the note.

It is also urged, that the referee has found on the first point against the evidence. As to this objection, the question was one of fact, within the control of the referee. There was some evidence upon which he might have found that the plaintiffs had such knowledge, and there was other testimony which justified the finding in the case. Under such circumstances we do not interfere.

For the purposes of this case, then, we must consider the plaintiffs as taking the bill without knowledge of any violation of the contract by Baker.

All the authorities referred to by the appellant, in support of his view of the case, were either between the original par-

Davis *v.* McCready.

ties or where the holder of the note was not a holder for value. In such cases the defendant may set up the defence which he proposes to do in this case, if he has given the proper notice of the defence intended.

In *Rumsey* v. *Leek*, 5 Wend. 20, the defence of want of consideration was admitted, in an action brought by a holder of a note, who held it for a valuable consideration, upon the ground that he knew of the defence when he took the note. This I understand to be the distinction which governs these cases. The inquiry is not, whether the party taking the bill knew that the same was given by the maker in connection with a covenant he had entered into to do something else for the maker, but whether he knew, at the time of taking the bill, that there was a defence then existing to the payment of it. No such fact is proven in this case. The only evidence is, that one of the plaintiffs knew that the consideration of the bill was for the sale of a vessel, which the vendors had agreed to repair so as to make her seaworthy. I have no hesitation in saying that this is not enough to admit as a defence to the bill, either in whole or in part, that upon that contract the vendors failed to make the vessel seaworthy.

Upon this contract of sale I do not see how the defendants can in any event sustain their defence. The covenant to repair was an independent covenant, for the breach of which, undoubtedly, the vendors would have been held responsible, and for which, if they had brought an action upon the bill, the defendants might have recouped damages, and had the same allowed them. But this defence arose after the bill was given. It did not form a defence at the time of its execution. No damages could be recouped against the plaintiffs; and as they had paid value for the bill, without knowledge of the existence of any defence thereto, at the time it was passed to the payees, the plaintiffs are entitled to recover.

Judgment affirmed.