Joseph Palmer, and Nancy E. Palmer his wife, *v.* Charles H. Davis and Hugh S. Gilbert.

A husband is not a proper party, in an action by the wife concerning her separate property — as upon an award in her favor. Such property is held by her in opposition, and without regard to, marital rights.

If the husband be joined as a plaintiff, in such an action, the defendant may demur to the complaint, on the ground that it does not state a cause of action in favor of the husband; and as to him, the complaint will be dismissed.

The defendant may also raise the question on the trial — no cause of action appearing in his favor — and procure, as to him, a dismissal of the complaint. But he can not claim a dismissal as to both plaintiffs.

The wife having no legal capacity to sue, except by a next friend, previous to the amendment of section 114 of the code, in 1857, the defendant might demur on that ground, where she sued jointly with her husband.

As that objection appears upon the face of the complaint, it will be waived, if not taken by demurrer, and can not be raised upon the trial.

The ancient strictness of the common law, touching awards made under submissions by infants and married women, has been modified, and although such awards, at one time, in favor of infants and married women, were not enforceable at law, the rule more recently established and acted upon by courts of law in England is, that where a party knowingly enters into a submission with a married woman or infant, and an award has been made against him, the court will not set it aside on the ground that the other party is not bound by it.

The common law disability of a married woman to bind herself by a submission to arbitration was removed by the acts of 1860 (*chap.* 90) and 1862 (*chap.* 173.)

Where a submission recited that J. P. and N. his wife, or one of them, claimed an "interest" in a specified farm "or the proceeds thereof;" it not appearing that this was a claim in fee for life to the farm, but the evidence showed that the claim was for a part of the proceeds of sales made of portions of the land; *Held* that it was not a submission of the "claim of any person to any estate in fee or for life, to real estate," within the exception of the revised statutes respecting arbitrations. (2 R. S. 541, § 2.)

Appeal from a judgment of the Supreme Court affirming a judgment entered upon the decision and report of a referee. The action was to recover the amount of an award to the plaintiff Mrs. Palmer. The award was made pursuant to a

submission reciting that Joseph Palmer and Nancy E. Palmer his wife, or one of them, claimed an interest in the Huestis farm, or the proceeds thereof, which claim was denied by Davis and Gilbert. Therefore, to avoid litigation and come to an early settlement and determination of such claim, and of all amounts and demands whatever in relation to such purchase and sale, the parties agreed to submit all matters in difference to the determination and award, &c., and they agreed to execute, abide by and perform the award, &c. The award stated the amount received by Davis on account of sales from the Harvey Huestis farm, and of the forfeit to be paid by him on the William H. Huestis farm, making a total of $7444.45; credits were allowed against that sum, leaving a balance of $4316.70. The award refers to an agreement between Merritt H. Smith and Hugh S. Gilbert of the one part, and Nancy E. Palmer of the other part, and declares that by virtue of this agreement one third of such balance belonged to Nancy E. Palmer, and the remaining part to Hugh S. Gilbert and to Charles H. Davis, the assignee of Merritt H. Smith, and who then held the title to the farms; and the award directed the defendants to pay, within sixty days after notice of the award to Nancy E. Palmer, the sum of $1438.90, in full satisfaction of all her claims and demands upon the Huestis farms, or either of them, or the proceeds thereof, or upon Davis and Gilbert, or either of them, in respect thereto, and that they pay to Joseph Palmer $2475, in full satisfaction, &c. (It had appeared in the award that Joseph had expended this sum, in endeavoring to effect sales of parcels of the Harvey Huestis farm.) Mutual releases &c. were awarded. This action was commenced in December, 1855, and tried in part in December, 1856, and decided in March, 1857. Gilbert did not answer, and made no defense. On the trial Davis' counsel objected that the action could not be maintained upon the award in favor of Mrs. Palmer, by her and her husband jointly; that she could not sue except by a next friend, and moved that the complaint be dismissed, or that

the plaintiffs be nonsuited. The objections were overruled and the motion denied, and the defendant excepted. There were many other exceptions taken by the defendant, during the trial, and numerous exceptions to the report of the referee, which are sufficiently noticed in the following opinions.

*Amasa J. Parker,* for the appellants.

*John H. Reynolds,* for the defendents.

MARVIN, J. The evidence upon the trial was brief, though the exceptions in the case are very numerous, some of which it is very difficult to understand. I shall notice but few of them.

The action was to recover the sum awarded to Mrs. Palmer. The motion to dismiss the complaint or nonsuit the plaintiffs, on the objections that the action should have been in her name alone, and that she should have sued by next friend, was properly overruled. When this action was commenced, the code (§ 114) was, "Where a married woman is a party her husband must be joined with her, except that, 1st. When the action concerns her separate property, she may sue alone. 2d. When the action is between herself and her husband, she may sue or be sued alone. But when her husband can not be joined with her, as herein provided, she shall prosecute or defend by her next friend." There is some conflict in the decisions of the Supreme Court in construing this section. In *Brownson and wife* v. *Gifford and others,* (8 How. P. R. 389,) it was held by Justice HARRIS, at special term, that the husband could not be joined with the wife in an action which concerned her separate property; and he sustained a demurrer on this ground of a defect of parties plaintiff. The action was purely equitable, arising upon a will. In *Rusher and wife* v. *Morris and wife,* (9 How. P. R. 266,) the action was to foreclose a mortgage given to Mrs. Rusher, and the defendant demurred on the ground of *defect*

of parties plaintiff.  Justice Rosevelt overruled the de-
murrer, holding that the husband was properly joined with
the wife in the action.   In *Smith* v. *Kearney*, (9 How. P.
R. 466,) the plaintiff was a wife and sued by her husband as
her next friend.  Hoffman, Justice, reviewed the decision
last mentioned, and disapproved it, holding that the husband
could not be joined with the wife in an action concerning her
separate property.   I am inclined to agree with Justices
Harris and Hoffman, that a husband is not a proper party
in an action by the wife concerning her separate property;
such property is held by her in opposition and without regard
to marital rights.   The decision, however, in *Brownson and
wife* v. *Gifford and others*, sustaining the demurrer on the
ground of a *defect* of parties, was undoubtedly wrong.   One
of the grounds of demurrer allowed by the code (§ 144) is,
"that there is a *defect* of parties plaintiff or defendant."
This ground does not reach a case where there are too many
plaintiffs, or too many defendants, but only those cases in
which, from the statement of the cause of action, it appears
that there are parties omitted, who should have been made
parties plaintiff or defendant.   It is the same as *nonjoinder*
of a necessary party, in an action at law, under the super-
seded system, or the omission of a necessary party in a suit in
equity where it was said the suit was *defective*, and a de-
murrer could be interposed for *want of parties;* or the ob-
jection could sometimes be taken in the answer, or raised on
the hearing.   Now this objection of *defect* of parties must
be taken by demurrer, if it shall appear upon the face of the
complaint.  If it does not so appear, the objection may be
taken by answer.   (Code, § 147.)   If the objection of this *de-
fect* is not taken by demurrer or answer, the defendant shall
be deemed to have waived it.   (§ 148.)   The language, "de-
fect of parties," was taken from the equity branch of the
law as administered in the Court of Chancery, and it was
happily chosen, in view of the new system.   It has no
reference to the *misjoinder* of parties; nor is misjoinder of

parties one of the causes of demurrer under the code. As we have seen, the objection of a *defect* or want of parties can not now be raised on the hearing or trial, not having been raised by demurrer or answer, and being deemed waived. But it is provided in the code, (§ 122,) that, "when a complete determination of the controversy, between the parties, can not be had without the presence of other parties, the court must cause them to be brought in." If there is a misjoinder of parties, that is, if the facts stated in the complaint show no cause of action against the defendants, in favor of one of the plaintiffs, the defendants may demur, under the sixth subdivision of § 144, as to such plaintiff, upon the ground that the complaint does not state facts sufficient to constitute a cause of action, and as to such plaintiff the complaint will be dismissed. And so as to one of the defendants against whom no cause of action is stated. If the objection is not raised by demurrer, or does not appear in the complaint, it may, of course, be raised on the trial, and the complaint will be dismissed as to the plaintiffs in whose favor no cause of action is shown, and so as to the defendants against whom no cause of action is shown. By section 274, "judgment may be given for or against one or more of several plaintiffs, and for or against one or more of several defendants." Now, if the plaintiff has a good cause of action against one or more of the defendants, he is not to be dismissed from the court as to him or them, though he has joined one or more defendants against whom he had no cause of action. So if one is joined as a plaintiff who has no cause of action in connection with his co-plaintiff, the complaint, as to him, will be dismissed, but his co-plaintiff may, if he has a cause of action, recover. These positions are now well understood, and have received the sanction of the courts; and I may add, that I have always regarded these provisions of the code as the most valuable portions of it, effecting a very salutary reform in the law touching parties to actions. (See *Brumskill* v. *James*, 1 Ker. 294; *Zabriskie* v. *Smith*, 3 id. 322, 336;

*The People* v. *Cram*, 8 How. 151; *Cowles & Curtis* v. *Cowles*, 9 id. 361; *Peabody* v. *The Washington Mutual Ins. Co.*, 20 Barb. 342.)

In the present case the defendant could have demurred sucessfully to the complaint upon the ground that it stated no cause of action in favor of Joseph Palmer, and as to him the complaint would have been dismissed, assuming that I am right in the position that he was not, as husband, a proper party. They could also have raised the question on the trial, no cause of action appearing in his favor, and procured, as to him, a dismissal of the complaint; but they did no such thing. They insisted upon a dismissal as to both plaintiffs. She had no legal capacity to sue except by a next friend, and the defendants were authorized by subdivision 2 of section 144 to demur on this ground. As this objection appeared upon the face of the complaint, and was not taken by demurrer, it was waived, and could not be raised upon the trial.

The defendants also objected that as Nancy E. Palmer was a married woman, the submission of the matters in controversy by her was void, and asked that the complaint be dismissed for this reason, and excepted to the decision of the referee denying the motion. I think the referee did not err in this decision. It is undoubtedly true that at common law, owing to the peculiar relations between husband and wife, and the disabilities imposed upon the wife, her submissions to arbitration were generally void. Her deeds and contracts being void she could not bind herself to perform an award, and there was a want of mutuality. (*Rumsey* v. *Leek*, 5 Wend. 20; Watson on Arb. 69; Russell on Arb. 20 *et seq.*) As by the common law the husband was entitled to the chattels and choses in action of his wife, he could submit disputes relating to them to arbitration. (Watson and Russell, *sup.*) In the case under consideration, the submission was binding upon Joseph Palmer, and there was therefore sufficient mutuality. Besides, in this case the claim

submitted was made by Palmer and wife, or one of them, and no claim was made by Gilbert and Davis. True, if the submission by the wife was void she would not be bound by the award, but might pursue her claim in court.

The ancient strict rule of the common law, however, touching awards made under submissions by infants and married women, has been modified; and although such awards, at one time, in favor of infants and married women, were not enforceable at law, and the Court of Chancery in an old case set aside an award in favor of an infant, on the ground that it was not equitable or reasonable, and that there was no mutuality, (Russell on Arb. 290, citing 1 Cas. in Chancery, 279; and see *Biddell* v. *Dawse*, 6 B. & Cress. 255,) the rule more recently established and acted upon by courts of law in England is, that where a party has knowingly and voluntarily entered into a submission with a married woman or infant, and an award has been made against him, the court will not set it aside on the ground that the married woman or infant is not bound by it, as the party knew beforehand that they could not be bound by it, and therefore has all the consideration for his agreeing to his submission for which he stipulated; and if he did not mean ·to be satisfied with such effect as the award would have upon them, he ought not to have consented to the reference. (Russell on Arb. 22, 290, 637; *In re Warner*, 2 Dowl. & R. 148; *Wrightson* v. *Bywater*, 3 M. & W. 199; *Jones* v. *Powell*, 6 Dowl. 483.)

In equity, a married woman having a separate estate is regarded as competent to act concerning such estate, as though she was a single woman. This was not so at law, and as neither of the acts of 1848 or 1849, concerning the separate rights of married women, removed the common law disability of entering into a contract of submission, as in this case, I prefer to put this case, as to the award binding the defendants, upon the authorities referred to. The objection is to the *submission*, and is made upon the strict ancient

rule of the common law, that there was no mutuality, as Mrs. Palmer, being a married woman, had no power to bind herself by the submission. This disability has been since removed by the acts of 1860 (ch. 90) and 1862 (ch. 173.) There was no difficulty, at the time this action was brought, in Mrs. Palmer's maintaining, by her next friend, this action upon the award, provided it was valid. And by an amend-ment of the code, (§ 114,) in 1857, a next friend was dispensed with.

The submission in this case was not under the revised statutes relating to arbitrations. (Vol. 2, p. 541.) It was a common law submission. Nor was the submission respecting the claim of any person to any estate in fee or for life to real estate. The submission recites that Joseph Palmer and Nancy E. Palmer his wife, or one of them, claim an "interest in the Huestis farm or the proceeds thereof." This was the claim submitted—an *interest* in the farm or the proceeds thereof. It does not appear that this was a claim in fee or for life to the farm. And the evidence showed that the claim was for a part of the proceeds of sales made of portions of the farm, and that a written agreement touching the rights of Mrs. Palmer had been previously made. It is not necessary to inquire what the common law is relating to arbitrations as affecting real estate; nor whether our statutes have changed the common law touching the matter.

The exceptions of the defendants to the decisions upon the questions raised concerning the claim submitted, were not well taken.

The judgment should be affirmed.


DENIO, Ch. J. In determining whether the submission to arbitration in this case was valid as against the plaintiff Nancy E. Palmer, it is material to observe that the matter submitted did not embrace a claim against her, but only the claim which she and her husband, or one of them, had preferred against the defendants. There could not, therefore,

by any possibility, have been an award for the payment of money or the delivery of any property by her to the defendants, or either of them. The only determination which could have been made to her prejudice was that she had no claim against the defendants, or one for only a smaller amount than that which she set up. It should further be premised that the demand in question arose out of property which she owned in her own right, and which it is to be intended she held under the statutes of 1848 and 1849, which allow married women to hold property and to dispose of it as if she were unmarried. It appears, further, that the defendants were bound to her under contracts, to which no objections are taken, to account to her respecting certain sales already made, of real estate in which she was interested. The power of Mrs. Palmer over these claims was at least as good as though they represented property held to her sole and separate use, in respect to which property a married woman has long been regarded in the light of a *feme sole*. In regard to claims arising out of such a state of facts, I am of opinion that a married woman may become a party to any agreement, not otherwise unlawful, for the determination of a controversy whether a particular claim set up by her is valid, and what sum is owing to her on account of it, provided her claim exists. (*Hulme* v. *Tenant*, 1 Brown's Ch. R. 16; Billing's Law of Awards, 27.)

I observe that the statute respecting arbitrations (2 R. S. 541, §·1) excepts married women from the category of persons who may enter into submissions under that statute, classing them with infants and persons of unsound mind. So far as there was a necessity for an enabling statute to sustain this submission, the plaintiff would not be aided by the provisions of the revised statutes. But if such a submission as this would be valid at common law, as I have supposed, there is nothing in the statute to forbid it. (*Burnside* v. *Whitney*, 21 N. Y. R. 148.) The same answer may be given to the objection that this submission was

unlawful by the second section of the statute of arbitrations, which forbids a statutory submission of the claim of any person to any estate in fee or for life to real estate, if such had been the character of the claim in this case; but as I understand the evidence, the controversy related to the liability of the defendants to account for the proceeds of real estate which had been sold by them under a former agreement between the parties.

The exceptions founded on the refusal of the referee to rehear the matters determined by the arbitrator can not be sustained. No sufficient ground was set up in his answer to enable the defendants to impeach the award as the result of corruption, or such gross misbehavior as would be evidence of fraud.

It is objected that the plaintiff should have sued by next friend, and not with her husband. Such was the law when this action was commenced, but by the code as it now exists she might sue alone. (§ 114.) But I think the objection was waived by the omission to demur. One of the causes of demurrer which is deemed waived by not being thus objected to, is that the plaintiff has not a legal capacity to sue. As the law was when the pleadings were put in, Mrs. Palmer could only sue by a next friend. By herself she had not a standing in court which would enable her to maintain an action. But the defendant elected to answer on the merits, and thus precluded himself from taking the objection at a subsequent stage of the case.

I am, therefore, of opinion that none of the defects averred exist in the record, and that the judgment should be affirmed.

All the Judges were for affirmance, EMOTT, J. on the grounds stated by DENIO, Ch. J.

Judgment affirmed.