Mason, J.
This suit is in the nature of the old bill in equity to restrain the collection of what is claimed to be an illegal tax or assessment, and to have the assessment declared null and void. The defendant has’ demurred to the complaint for a defect of parties plaintiff, and also on the ground that the complaint does not state facts sufficient to constitute a cause of action. I take it to be very clear that there is a misjoinder of parties plaintiff.
This tax or assessment gives no lien upon any common property owned by these plaintiffs, but only upon the separate lots of each owner, and parties so situated cannot join in such a suit as this (Bouton v. City of Brooklyn, 15 Barb., 375 ; Magee v. Cutler, 43 Id., 239-260 ; Warwick v. Mayor of New York, 28 Id., 210.)
*121 A demurrer for a misjoinder of plaintiffs is the proper remedy (8 How. Pr., 372 ; 24 Id., 353; 16 Id., 195).*
Neither the parties named in the complaint, or any other of the parties upon whose separate lots these assessments were made, can join with the plaintiff in this suit.
The rule is well settled, that a tax-payer, as a general rule, cannot maintain an injunction suit to restrain the collection of an illegal tax (Roosevelt v. Draper, 23 N. Y., 318; Doolittle v. Supervisors of Broome County, 18 Id., 155 ; Heywood v. City of Buffalo, 14 Id., 534; Susquehanna Bank v. Supervisors of Broome County, 25 Id., 312). 1st. It is only when it is necessary to prevent a multiplicity of suits. 3nd. When it may lead to irreparable injury. Or, 3rd. When an incumbrance is created upon the land, and when such incumbrance is valid upon the face of the instrument or proceeding sought to be set aside, and extrinsic facts are necessary to be proved in order to establish the invalidity or illegality.
This action cannot be maintained on the ground that it is brought to prevent a multiplicity of suits (15 Barb., 375 ; 43 Id., 239). No one has sued the plaintiff, or threatened to; and if the defendants should attempt to collect this tax by suit, ouly one suit against the plaintiff can be maintained, and the law will not permit him, as we have seen, to be the champion of these other tax-payers.
This suit cannot be maintained on the ground of irreparable injury. If the defendants proceed to a sale .of the plaintiff’s lands, such sale must be for the shortest lease that will pay the assessment (Laws of 1864, p. 277, § 7), and such lease is not valid if the assessment is invalid. Section 8 (Laws of 1864, p. 278) only makes the certificate or declaration issued by the *122 defendants presumptive evidence that such tax and assessment were legally imposed.
It is questionable whether this suit can be maintained on the ground that it creates a cloud upon the plaintiff’s title, for the reason that the complaint does not set out the resolutions and proceedings with such particularity that we can say the defects in the proceedings complained of do not appear on the face of the proceedings. And in the second place, I have not been able to find in the complaint the distinct allegation that the proceedings of the common council are apparently valid on their face.
In the next place, I am inclined to hold that this suit cannot be maintained, for the reason that the plaintiff has a perfect remedy at law.
If the plaintiff’s lands are sold, and alease executed by the defendant to the purchaser, section 8 of title 5 of the defendant’s charter declares it shall only be presumptive evidence of the legality of the tax and assessment, and the plaintiff can defend himself against any proceedings to obtain the possession of the land if the tax and assessment are illegal and void; and Judge Dehto, in considering this question in a case like the one under consideration, states the rule with this qualification.' He says : “When the tax is upon land, and the law allows it to be sold to collect the tax, and the conveyance to be executed by the proper officer would be conclusive evidence of title, and the tax was not void on its face, a suit in the nature of a bill quia timet will lie” (25 N. Y., 314).
This court, in the proper exercise of its equity powers in a suit like the present, does not, as the plaintiff’s counsel seems to suppose, review and correct the errors of subordinate tribunals. It never does this. It will only look into them so far as to ascertain whether, standing as they do, they are valid or not. 1 have made this remark, as it appears to me that the *123 most if not all the matters complained of in this suit are mere irregularities or errors in the proceedings, which, perhaps, might be reviewed upon certiorari, but which do not of themselves render the proceedings invalid, when called in question collaterally. These proceedings cannot be held invalid in this suit because W. R. Judson, one of these assessors or commissioners, was not a freeholder (Porter v. Purdy, 29 N. Y., 106). For can it at all invalidate this assessment because the common council let the contract for this work to Taylor without exacting a bond from him. And I do not think the power of the common council to impose this assessment and tax was taken away from them because the mayor, without authority perhaps, had himself borrowed thé money and paid Taylor, according to his contract with him. And so of the other errors complained of. They seem to be irregularities in the proceedings' more than anything else.
The defendant in this case must have judgment with costs, upon the demurrer to the plaintiff’s complaint, with leave to the plaintiff to amend within twenty days, on the payment of costs.
Judgment accordingly.

 Compare, however, Palmer v. Davis, 28 N. Y., 242.