ANNA M. FULLER AND ALMEDA FULLER, RESPONDENTS, *v.* EUGENE FULLER, APPELLANT.

*Improper joinder of parties plaintiff — remedy for — nonsuit cannot be granted.*

Where, upon the trial of an action brought by two plaintiffs to recover for the conversion of a team of oxen, it appeared that each of the plaintiffs owned one of the oxen, *held*, that a motion for a nonsuit of both of the plaintiffs, on the ground that they had brought a joint action and shown a several interest, was properly denied.

*Simar* v. *Canaday* (53 N. Y., 298) followed.

APPEAL from a judgment in favor of the plaintiffs, entered upon the verdict of a jury, and from an order denying a motion for a new trial made upon a case and exceptions.

*E. W. Paige*, for the appellant.

*Wm. Gleason*, for the respondents.

LEARNED, P. J.:

The two plaintiffs brought this action to recover for the taking of a yoke of oxen, alleged to have belonged to them, and to have been in their possession. On the trial the proof given showed, or tended to show, that each of the plaintiffs owned one of the oxen; that they had agreed to put the two oxen together and to use them as a yoke, and with them to do the separate work of each plaintiff; that each plaintiff should keep and feed the oxen half the time; that when the oxen should grow old, each plaintiff should sell her own. And there is evidence tending to show that they had acted upon this agreement.

When the plaintiffs rested, the defendant moved for a nonsuit, on the ground that the plaintiffs had brought a joint action, and had shown a several property and individual ownership. The motion was denied. The motion was renewed at the close of the case and was again denied. The court stated that the plaintiff had shown individual ownership, but joint possession.

The defendant asked the court to charge that the forbidding of the sale must be brought to the knowledge of the officers. The court declined so to charge; but no point is made on that request.

The court charged that the jury were to determine: first, who was the owner; second, whether the plaintiffs possessed the property jointly; and if the jury found for the plaintiffs, they were to find for the value of the property. No exception was made to this; and the only questions raised on this appeal are those on the motion for a nonsuit.

In *Simar* v. *Canaday* (53 N. Y., 298), the question was raised whether the plaintiffs could maintain a joint action, and the court say, in respect to a misjoinder of plaintiffs: "It is not an objection which affords good ground for a motion to dismiss the complaint of both plaintiffs, if either of them has shown that he or she has a good cause of action."

Now, let us suppose that on this trial, the only proof had been of one ox, and that ox the property of the plaintiff Anna; under the above decision a motion for a nonsuit could not have been granted against both plaintiffs. But the complaint might have been dismissed as against the plaintiff Almeda. And it cannot be, that, if the plaintiff Anna could not have been nonsuited after

proof of her ownership of one ox, the additional proof in respect to another ox would authorize such nonsuit. The only question before us is, whether the defendant was entitled to a nonsuit against both parties plaintiff. The question is not presented, whether there could have been a recovery by more than one plaintiff, or for more than the value of one ox, if a proper motion had been made. (See *Palmer* v. *Davis*, 28 N. Y., 242 ; Code, § 144, sub. 6 ; §§ 148, 167, 274.) And nothing herein is to imply that when the objection is properly taken, two plaintiffs, separate owners, and with no joint interest, can have a joint recovery for injury to separate property. There might have been held by the jury to be, in this case, a joint right of possession, giving some joint right of recovery. But, on the ground above stated, we think that the judgment should be affirmed, with costs.

JAMES, J. (dissenting):

I cannot concur in this ; the motion for nonsuit should be held as on the ground that plaintiffs, as joint plaintiffs, could not recover.

Present — LEARNED, P. J., BOARDMAN and JAMES, JJ.

Judgment affirmed, with costs.