JOHN P. LAMMOND AND OTHERS, RESPONDENTS, v. DAVID VOLANS, APPELLANT.

*Cheese factory — bringing milk diluted with water to — knowledge thereof by the patrons of the factory — no bar to enforcement of the penalty imposed by chap. 563 of 1869.*

This action was brought to recover penalties incurred by the defendant in violating chapter 563 of 1869, which provides that whoever shall knowingly bring to be manufactured to any cheese factory, any milk adulterated with water, shall forfeit for each offense not less than twenty-five nor more than one hundred dollars. Upon the trial it appeared that several of the plaintiffs, patrons of the factory, saw the defendant adulterate his milk with water and send it to the factory. They said nothing to him, but mixed his with the other milk and manufactured it into cheese.

*Held,* that although the mixing of his with the other milk, knowing his to be adulterated, might prevent them from maintaining an action to recover the damages thereby occasioned, it did not prevent them from maintaining this action for the statutory penalty.

The judge charged that in fixing the amount of the penalty, between the limits of twenty-five dollars and one hundred dollars, the jury might make it so large as they thought, from the circumstances and from public necessity, it ought to be made. *Held,* that the charge was correct.

APPEAL from a judgment in favor of the plaintiffs entered upon the verdict of a jury, and from an order denying a motion for a new trial made upon the minutes of the justice before whom the action was tried.

The action was brought under chap. 563, Laws of 1869, to recover money as forfeited to the plaintiffs by reason of defendant's having on different occasions brought to their cheese factory, milk diluted with water. The said act, so far as it is material in this case, is as follows : "§ 1. Whoever shall, knowingly, bring to be manufactured to any cheese factory in this State, any milk diluted with water, * * * shall for each and every offense forfeit and pay a sum not less than twenty-five dollars nor more than one hundred dollars with costs of suit, to be sued for in any court of competent jurisdiction, for the benefit of the person or persons, firm or association, or corporation, or their assigns, upon whom such fraud shall be committed."

*Edward C. James,* for the appellant.

*J. McNaughton,* for the respondents.

LEARNED, P. J. :

This action is brought under chap. 563, Laws of 1869, to recover penalties for bringing to a cheese factory milk diluted with water.

The first point made by the defendant is, that the plaintiffs voluntarily submitted to the act of which they complain. The facts are that the plaintiffs suspected the defendant of watering his milk. Accordingly, they (or some of them) watched him early one morning. They saw him fill a pail half full of water, then milk into it, and pour the contents into the pan, and send the can to the factory. They saw a similar act the next morning They said nothing to the defendant, but poured the diluted milk into

the common vat; made cheese, and divided to the defendant his share, as if the diluted milk had been pure

The defendant urges that the plaintiffs, therefore, knew of the wrong which he practiced on them, and, therefore, that they were not defrauded.

It may very possibly be true that the plaintiffs, having poured into the common vat the milk which they knew was diluted, could not have recovered from the defendant any damages for injury which might be caused thereby. But this is not an action for the damages resulting from the mingling of the diluted with the pure milk. It is an action for the penalties given for the acts specified in the statute—that is, the knowingly sending of diluted milk If the defendant did the acts, he is liable for the penalties. But the defendant urges that the penalties are given to the persons " upon whom such fraud shall be committed." He insists that no fraud was committed on the plaintiffs, because they had discovered the wrongful act before the milk was poured into the common vat. The words " such fraud " in the statute refer to the act of knowingly bringing to the factory, to be manufactured, milk diluted with water. The act forbidden was complete and the penalty incurred when the defendant brought the milk thus diluted to the factory. The plaintiffs' suspicion that he intended to bring the watered milk is no excuse to him. They did not encourage him to do the wrongful act. What the plaintiffs did with the milk is immaterial, except in an action for damages. See *Verona Cheese Co.* v. *Murtaugh* (50 N. Y., at page 317).

The defendant's argument goes too far. He says that, as the plaintiffs used the milk, knowing it was diluted, they were not defrauded. Certainly, if they had thrown it away, they would not have been defrauded, upon the same reasoning. So that, whatever they did with the milk, the defendant would have escaped the penalties for his wrongful acts.

The act is peculiar in giving a penalty which may range from $25 to $100.

The court charged that the jury might make it as large as they thought from the circumstances and from public necessity it ought to be made. The defendant excepted to that part which included public necessity.

We see nothing erroneous in that part of the charge. It is true that, in an action for damages for fraudulently adulterating milk in similar cases, exemplary damages are not proper. (*Lane* v. *Wilcox*, 55 Barb., 615.) But this is not such an action. The legislature seems to have intended that the jury should fix the amount of the penalty within certain limits. And there is no impropriety in their considering the public necessity. That is a matter which is really considered in all penalties, whether their amount is fixed by the legislature or by a jury.

Some objections were made to the admission of evidence. All these, however, touch only the question as to the proper parties plaintiff. It was proved by testimony, not objected to, that, in the year 1875, when the defendant's wrongful acts were committed, the treasurer and secretary of the factory settled with the plaintiffs and with the defendants. Two of the defendants, originally made parties, declined to join as plaintiffs, and were made defendants for that reason. (Code, § 119.) It was further proved that these persons, the plaintiffs and defendants, were in that year the patrons, as it is called, of the factory; that is, that they brought milk to the factory for manufacture.

One witness testified that he knew that all of these persons brought milk there from the beginning of April till the factory stopped. The plaintiffs offered in evidence what is called the "milk book," kept under section 1, chap. 563, Laws of 1869, for the purpose of showing that the persons therein named were patrons. To this the defendants objected, and the objection was overruled.

There is no contradiction of the affirmative testimony that persons named as plaintiffs and defendants were patrons, and brought milk to the factory. Kay, Hadcock and Shields all testify to this. Whether, therefore, the "milk book" was properly admitted or not, there was no conflict of testimony on the point that plaintiffs and defendants were the patrons of the factory. Besides the defendant did not move for a non-suit as against any particular plaintiff. If any person was named as plaintiff, who had no interest in the matter, this was a misjoinder; but it would not entitle the defendant to a non-suit against all. (*Palmer* v. *Davis*, 28 N. Y., 242.) And, on the construction of the evidence most

unfavorable to the plaintiffs, it was proved unquestionably that some of them were patrons and were furnishing milk to the factory at the time when the defendant committed these wrongful acts. Without, therefore, intending to say that the "milk book" was not properly admitted, we think that its admission could not have injured the defendant.

The judgment should be affirmed with costs.

Present — LEARNED, P. J., BOCKES and OSBORN, JJ.

Judgment affirmed with costs.