### S. HOPKINS KEEP, RESPONDENT, v. LESTER KEEP, APPELLANT.

### S. HOPKINS KEEP, RESPONDENT, v. LESTER KEEP AND CAROLINE J. YEOMANS KEEP, APPELLANTS.

*Submission to arbitration — discontinues an action even if the submission is void — A married woman cannot make a submission under the statute — When the submission involves a claim to an estate in land in fee, it is void.*

The plaintiff brought two actions against Lester Keep, one to recover for money lent to him; the other to set aside a conveyance of certain real estate from him to his wife, a defendant therein, and to establish a lien thereon in favor of plaintiff, on the ground of expenditures made thereon upon the agreement of Lester Keep to devise it to him on his death. Keep subsequently to such agreement conveyed the property to the defendant Caroline, and thereafter married her. After both actions had been referred to the same referee, it was agreed by the parties to submit both cases to him as arbitrator, and that final judgment should be entered on his awards.

On a motion to vacate a judgment entered on awards made by him, *held*, that the submission, even if void, operated to discontinue both suits.

That as to the second action the submission was void (1) because a married woman cannot submit a matter to arbitration under the statute; and (2) because the submission involved the claim of the wife to an estate in fee.

That the invalidity of the submission of the question involved in the second action did not affect the validity of the award, as to the matters involved in the first, and that as to that the motion was properly denied.

APPEAL from an order denying a motion to set aside a judgment, entered in the above actions on the report of a referee appointed therein.

*P. & D. Mitchell*, for the appellants.

*Erastus New*, for the respondent.

BARNARD, P. J.:

The first of these actions is brought to recover for moneys lent, and paid by defendant Lester Keep's order.

The second action is brought to establish a lien upon lands in Brooklyn. The complaint states that the plaintiff made large expenditures under an agreement with the defendant Lester Keep; that he, Lester Keep, would devise the lands to plaintiff, by will, at his death. That after the agreement and expenditures thereunder Lester Keep married again, and destroyed a will which he had made to carry out the agreement, and deeded the property to his wife. The deed, in fact, was executed before the marriage of the defendants. The complaint asks to set aside the deed, and to declare that the plaintiff have a lien upon the lands for the expenditures made. The actions were both put at issue, and were both referred to the same referee. After very considerable testimony was taken in the first action the parties entered into an agreement "that both of said actions with all the issues therein involved be and the same are submitted to said referee for decision upon the evidence already taken, and such further evidence as said referee shall desire to take, and that judgment may be entered in each of said actions upon and in accordance with the report of said referee, and with a view to make the decision of the said referee final between the parties; it is hereby further stipulated and agreed that all objection and exception heretofore taken during the trial of said actions be, and the same are hereby waived and withdrawn, and that the judgment to be entered upon said reports shall be final and conclusive between all the parties, and no appeal be taken therefrom, and that said referee in making his decisions and report shall be at liberty to decide the question involved in said actions in such manner as he shall deem just, fair and equitable, irrespective of the legal rights of the parties to the controversy." The referee took further proof and made separate reports, finding in the first action that plaintiff was entitled to recover a money judgment of $1,912.87, besides costs; and in the second action

finding that the plaintiff has an equitable lien upon the premises described in the complaint to the extent of $5,478.22, enforceable at the death of Lester Keep, the defendant, with costs against defendants personally.

The first question presented is what is the character of the judgment? Is it based upon the report of a referee, or is it founded upon the award of an arbitrator?

The case of *Merritt* v. *Thompson* (27 N. Y., 225) seems to establish that the stipulation conferred upon the referee the powers of an arbitrator. The referee was not to be governed by legal rules of evidence, and his decision was to be final. It was not a legal reference in these respects. The effect of the submission to arbitration was to discontinue the suits in the Supreme Court under the order of reference. (*Larkin* v. *Robbins*, 2 Wend., 505; *Smith* v. *Barse*, 2 Hill, 387; *Towns* v. *Wilcox*, 12 Wend., 503; *Grosvenor* v. *Hunt*, 11 Howard Pr., 355; *Merritt* v. *Thompson*, 27 N. Y., 225.) The submission had this effect, even if void (*Jordan* v. *Hyatt*, 3 Barb., 275; *Palmer* v. *Davis*, 28 N. Y., 242); where a report was upheld against a defendant in favor of a married woman, although she was not bound by it.

The next question presented is whether the defendant Caroline J. Y. Keep could submit to an arbitration. This involves the consideration of two distinct questions arising under the Revised Statutes (2 R. S., 541). By this statute "all persons, except infants and married women, and persons of unsound mind, may" submit to arbitration.

"No such submission shall be made respecting the claim of any person to any estate, in fee or for life, to real estate."

I think the arbitration void under both sections of the statute. There are cases holding that the statutes in relation to married women (Laws of 1860, ch. 90, and 1862, ch. 172) have removed the disability of a married woman to bind herself by submission to arbitration. (*Palmer* v. *Davis*, 28 N. Y., 242; *Smith* v. *Sweeny*, 35 N. Y., 291.) Neither of these cases were arbitrations under the statute. In the present case the submission provided for judgment being entered upon the reports. At common law the submission of a married woman was void for want of mutuality. As the law stood she had no separate property. The Court of Appeals have

held that the statutes of 1860 and 1862 have modified this old rule, so far as to permit a submission to arbitration not under the statute. She could sue upon an award in her favor, but no decision has been made that the statute submission can be made by a married woman. No submission can be made respecting the claim of any person to an estate in fee. It is true that the plaintiff did not claim an estate in fee ; but he sought to destroy an estate in fee in Caroline J. Y. Keep, and to establish upon the property she claimed to own a lien for moneys paid for her grantor. The complaint asks " that said conveyance be set aside and canceled." The referee finds " that said conveyance was in fraud of the rights of the plaintiff."

Can the statute mean that a fee may be taken away by arbitration, provided that the claim made by the claimant is only that a lien be established when it is necessary to destroy a fee to do it ? It was as much a claim submitted by Mrs. Yoemans to the fee as by the plaintiff to a lien upon it. The legal title was in dispute (*Olcott* v. *Wood*, 14 N. Y., 32).

Upon both grounds, therefore, I think the report should have been set aside as to the defendant, Caroline J. Y. Keep. That part of the award which gives judgment for money paid by plaintiff for defendant, Lester Keep, should be upheld. When part of an award is good and part bad ; if the part void is not so connected with the rest as to effect the justice of the case it will be void only *pro tanto*. (*Martin* v. *Williams*, 13 Johns., 264; *Cox* v. *Jagger*, 2 Cow., 638; *Jackson* v. *Alen*, 14 Johns., 96.) The defendant, Mrs. Keep, is in no way affected by the money judgment against her husband. He could submit to arbitration. The void part can be stricken out, and the judgment against Lester Keep stand as there is no connection between the claim against the husband and that against the wife.

The order, so far as it denied the motion to set aside the award as to Caroline J. Y. Keep, should be reversed, and the motion granted therefor, without costs to either party.

DYKMAN, J., concurred ; GILBERT, J., not sitting.

Judgment and order denying new trial reversed, so far as it

upholds the judgment against Keep and wife ; affirmed as to that part of order appealed from which sustains judgment against Lester Keep.