The President, &c. of the Farmers and Mechanics' Bank
of Indiana *v.* Ross.

1b 315
f166 83

*A.* and *B.* made a note payable to a banking company.   *C.* to whom *B.* was indebted, handed the note to the cashier for discount; but the bank refused to discount it. In the event of the note's being discounted, *C.* was to draw the money and place it to *B.'s* credit.   *Held,* that the note, not having been discounted, never had a legal existence; and could not be the foundation of a suit for the benefit of any person.

Nov. Term,
1824.

BANK OF IN-
DIANA
v.
ROSS.

Saturday,
November 13.

ERROR to the *Jefferson* Circuit Court.

SCOTT, J.—Debt on a promissory note made by one *Shannon,* since deceased, and *Ross,* the present defendant. Plea, that the note was made as an escrow. The evidence was, that the note was made and lodged in the hands of *Sering,* cashier, for the purpose of having it discounted in bank;—that it was handed to the cashier by *Canby,* who informed the cashier that if the note should be discounted it was to be for his benefit;—but that the note never was discounted. *Shannon* also told the cashier, that if the note had been discounted, *Canby* was to have had the money. It was also in evidence that *Shannon,* at the time of this transaction, was indebted to *Canby;* and that, in the event of the note's having been discounted, *Canby* was to have drawn the money from the bank, and placed it to *Shannon's* credit. Verdict for defendant. Motion for a new trial overruled; and judgment on, the verdict. The refusal to grant a new trial is the error complained of.

The note in question was clearly conditional, and could become binding upon the makers, or either of them, only on its being discounted in bank; and in that event only could the plaintiffs, or any other person, claim any right or interest in it. There is no evidence that the present defendant knew any thing of the debt due by *Shannon* to *Canby,* or of the agreement that *Canby* was to draw the money. But had it been otherwise, it could not affect the case. As the note could have no legal existence until it was discounted, the arrangement to pay the debt due to *Canby* depended upon that condition. In the argument of this case, some reliance was placed on the circumstance of *Canby's* having possession of the note, and handing it to the cashier. This circumstance cannot avail the plaintiffs. *Shannon* had a right to make *Canby,* or any other person, his agent to put the note into bank and draw the money; and what he did by his agent, was, to all legal intents, as much his act as if done by himself. The disposal of the money, when thus obtained, was a matter of private arrangement between *Shannon* and *Canby,* with which neither the present plaintiffs nor the defendant had any concern. The note, not having been discounted, never had a legal existence. It had no binding force upon the makers. The president and directors acquired no right or interest in it; and, of course, could maintain no action on it either for their own benefit, or for the benefit of any other person. The verdict of the

jury was therefore correct, and the motion for a new trial very
properly overruled.

 *Per Curiam.*—The judgment is affirmed, with costs.

 *Stevens*, for the plaintiffs.

 *Nelson*, for the defendant.