SuilivaN, J.
Debt by Cheesborough and Weaver, indor-sees, against Munson, on a promissory note negotiable and payable at the Commercial Bank in Cincinnati. The note was made by Munson payable to I. F. Lowry, by Lowry indorsed to G. L. Murdock, and by Murdock to the plaintiffs. The defendant pleaded three pleas. On the first and third there was a trial, and verdict fo.r the plaintiffs.
The second plea avers in substance, that at the time of the execution of the note, Munson was in no wise indebted to Lowry, the payee of the note; that it was given by Munson to Lowry as an accommodation note to be discounted at bank; that if the note should be discounted and the money paid to Lowry or to the defendant, the note should remain in full force, but if not discounted it should be void; that the note was not discounted; that at. the times of the indorsement of said note by Lowry to Murdock, and by Murdock to the plaintiff's, they had notice respectively of the foregoing facts; that said indorsements were mere voluntary indorsements, and made without any consideration whatever, &c.
*The plaintiffs demurred to the second plea; the demurrer was sustained by the Court; and final judgment was given for the plaintiffs
If this suit were by Lowry, the payee of the note, against Munson, it is clear from the facts disclosed in the plea, that the latter could not be made liable. The note, it is true, imports a consideration; but as between the original parties to it, it may be shown that none existed. An attempt by Lowry to collect the amount from Munson would have been a fraud upon the latter.
"Where a third person becomes the holder of a bill or note negotiable by the law-merchant, which had been obtained from the maker without consideration, if it can be proved that he had notice of the transaction between the original parties, and gave no value for the note or bill, he will be *20 affected by everything which would affect the first holder. Collins v. Martin, 1 Bos. & Pull., 651.
8. C. Stevens, for the plaintiff’.
J. 6r. Marshall and C. Cushing for the defendants.
The plea shows not only that the plaintiffs had notice of the transaction between the original parties, but that they gave no value for the note. If it would have been a fraud on the partof Lowry to attempt to enforce the collection ofthenote, it is equally so on the part of the plaintiffs under the circumstances disclosed by the plea. The demurrer therefore should have been overruled. Denniston v. Bacon, 10 Johns. R., 198; Rumsey v. Leek, 5 Wend., 20; Rees v. Headfort, 2 Campb., 574; F. & M. Bank v. Ross, 1 Blackf., 315. (1)
Per Curiam.—The judgment is reversed with costs. Cause remanded, &c.

 Vide Yeatman v. Cullen et al., November term, 1839; Glover et al. v. Jennings, ante, p. 10.