## FARLEY *v.* FARLEY.

Where a party has waived the performance of a condition precedent, and especially where such waiver has been acted upon, the failure to perform cannot be insisted upon as a forfeiture.

APPEAL from the *Hamilton* Circuit Court.

*Tuesday, June 5.*

DAVISON, J.—Suit by the appellant, who was the plaintiff, against her son, *Lewis Furley.* The case is this:

On the 27th of *June*, 1856, the parties entered into a written contract whereby the plaintiff agreed to convey to the defendant all her real and personal estate, in considera-

tion that he, in and by the same contract, bound "himself and his heirs in the sum of 4,000 dollars to take care of her, *Nancy*, in sickness and in health, also to clothe and feed her during life; and further to support and maintain her daughter, *Mary Farley*, while she remained single; and to do the same on the old farm."

Contemporaneously with this contract, she executed a deed in this form: "I, *Nancy Farley*, of," &c., "convey and warrant to *Lewis Farley*, of," &c., "for the maintenance of said *Nancy* according to contract, the following real estate in *Hamilton* county [describing it]. In witness whereof, the said *Nancy* has hereunto set her hand and seal, this 27th of *June*, 1856. [Signed] *Nancy Farley* [seal]."

In the complaint it is averred that the land thus conveyed was of the value of 3,000 dollars; that upon the execution of the deed, she delivered to defendant possession of the real estate, and, at the same time, in pursuance of the agreement, delivered to him personal property worth 800 dollars.

On the 25th of *February*, 1857, the parties, in lieu of the contract of the 27th of *June*, entered into another written contract, by which plaintiff agreed to let all the property stand as it was by the former contract, except certain articles (naming them); and defendant, on his part, agreed to permit her to have said articles of property; also, to pay her, in lieu of the maintenance stipulated in the first contract, 40 dollars a year, to be paid on the 25th of *December* in each year, and seventy-five bushels of wheat each year, to be delivered to her on the first of *September*; and also twenty-five bushels of corn each year, to be paid at gathering time, and three hogs for her meat. It is further averred that when the latter agreement was executed, the parties expressly agreed, though not inserted in the writing, that defendant was then immediately to pay 40 dollars in money, twenty-five bushels of wheat, twenty-five bushels of corn, and three hogs, without the payment of which the whole contract was to be void. And plaintiff avers that he has utterly refused to pay said last-mentioned money and articles of property, or any part thereof.

The relief prayed is, that plaintiff's conveyance to defendant be set aside, &c.; that an account be taken of the rents, &c., also of the personal property delivered by her to the defendant, and for general relief, &c.

The issues were submitted to a jury, who found a special verdict, which is substantially as follows: "That defendant had not failed to comply with the stipulations in either of the above written instruments on his part to be performed; that at the time of the execution of the second written agreement, viz., on the 27th of *February*, 1857, it was, as part thereof, verbally agreed by the parties that defendant was then immediately to pay the plaintiff 40 dollars in money, twenty-five bushels of wheat, twenty-five bushels of corn, and three hogs—of which he has paid 4 dollars, 56 cents, in money, two bushels of wheat, ten bushels of corn, and all the hogs, leaving a balance unpaid of money 33 dollars, 33⅓ cents, of wheat worth 27 dollars, 80 cents, and corn worth 5 dollars, 46 cents—making, in the aggregate, 63 dollars, 53 cents. The jury also found that the parties, after the 25th of *February*, 1857, were governed by the second agreement; that defendant had possession of the land conveyed, receiving the rents and profits for fifteen months, worth 300 dollars, and that he supported and maintained the plaintiff and her daughter eight months, up to *February* 25, 1857.

Upon this verdict, the Court, having denied a motion for a new trial, rendered judgment in favor of the plaintiff for 66 dollars, 53 cents, and she appeals to this Court.

As has been seen, the jury found that the parties, after the 25th of *February*, 1857, the date of the second agreement, were governed by it. Hence, it must be presumed that the time of the delivery of the money and property, as stipulated by the verbal contract, was waived by the plaintiff. She cannot, therefore, insist upon the defendant's failure to pay the money, &c., immediately upon the execution of the second agreement, as having worked a forfeiture of the estate. We are of opinion that the special verdict authorized the judgment; and further, that the evidence set out in the record sustains the verdict.

May Term,
1860.

Various errors relative to instructions refused, and to the charge given, are assigned upon the record, but they will not be noticed, because the judgment rendered seems . to be consistent with the special verdict, and that verdict is right on the evidence.

*Per· Curiam.*—The judgment is affirmed with 5 per cent. damages and costs.

*G. H. Voss*, for the appellant.

*E. S. Stone*, for the appellee.