*Geo. W. Richardson,* for the appellee.

---

## SPURRIER and Others *v.* BRIGGS.

Suit by *A.* against *B., C.* and *D.,* alleging that before that time he had a judgment against *B.* and *C.,* who were also indebted to certain other persons, and that it was agreed between the plaintiff and defendants, that if plaintiff would enter satisfaction of his said judgment, and would pay said other debts, the defendants would execute to him a note for the amount of said judgment and said debts, to be discounted by the *Ohio Insurance Co.,* for his benefit; that plaintiff did accordingly enter said satisfaction and pay said debts, and the defendants, on their part, executed said note, with the said *D.* as surety thereon, payable to the *Ohio Insurance Co.;* and the said company refused to discount the same, wherefore the defendants became liable to pay the amount thereof to the plaintiff, &c.

*Held,* that the note was made for the benefit of *A.,* though payable to the

insurance company, and was valid notwithstanding the company declined to receive and discount it.

*Held,* also, that as the beneficial interest of the note was in *A.,* he was entitled to sue thereon in his own name.

A motion for a new trial on the ground that the verdict is not sustained by sufficient evidence, will not present any question of "excessive damages," as that is made by statute a distinct cause for a new trial.

A prayer for judgment in a complaint upon a promissory note for the amount of the note and interest thereon, is good, without summing up the amount of principal and interest.

*Saturday,
December* 14.

APPEAL from the *Floyd* Circuit Court.

WORDEN, J.—Suit by *Briggs,* against *Spurrier, Gavin* and *Smith.* There are three paragraphs in the complaint.

*First.* In substance, that *Briggs* held a judgment against *Gavin* and *Spurrier,* for, &c., and that they owed to plaintiff, and to others, certain named debts, and that *Gavin* owed to the *Ohio Insurance Co.,* &c. That it was on, &c., agreed between plaintiff and defendants, that if plaintiff would enter satisfaction of said judgment, and pay said other debts, defendants would execute and deliver to him a note for the amount of said judgment, debts, interest and costs, to be discounted by the *Ohio Insurance Co.,* for his benefit. That plaintiff complied, &c. That defendants executed and delivered the note ; but the *Ohio, &c.,* refused to discount the same; wherefore defendants became liable to pay, &c.

*Second.* For money paid for use of defendants.

*Third.* On an account stated.

A demurrer to the paragraph was overruled. *Gavin* was defaulted. The other defendants answered, severally, in denial.

On the trial the case was submitted on an agreed statement of facts, which so far as the point of liability was involved, is "that the note in the first count was executed by the makers thereof to be discounted by the said insurance company, and that the said company refused to discount the same, and never acquired any interest therein. Said *Briggs* obtained a judgment as alleged. It was then agreed, by and between said *Briggs* and said *Gavin* and *Spurrier,* that if said *Briggs* would enter satisfaction of said judgment, said *Gavin* and *Spurrier* would execute a note to said *Ohio Insurance*

*Co.*, with said *Smith* as surety thereto, which note was to be discounted for the benefit of said *Briggs* by said company; that said *Briggs* entered satisfaction of said judgment, and said note was executed by the parties thereto," &c.

This was all the evidence in the case. Finding for the defendants on the *second* paragraph of the complaint, and for the plaintiff on the *first*, for the amount of the note, and interest at ten per cent., as therein provided.

Errors are assigned upon the ruling of the Court in overruling the demurrer; in overruling the motion for a new trial; and in rendering judgment for $600.

The appellants claim that no action can be maintained by the plaintiff on the note, it having been made payable to the insurance company, and not to him, and the company never having received and discounted the note, it never had any legal existence. This view is certainly countenanced by the case of *The President, &c., of the Bank of Indiana* v. *Ross*, 1 Blackf. 315. But there is one material distinction between that case and the present. There *Shannon* owed *Canby*. *Shannon* and *Ross* made a note, payable to the bank, for discount, and in the event of its being discounted, *Canby* was to draw the funds and place them to the credit of *Shannon*. *Canby's* claim against *Shannon* was not to be at all affected, unless he should procure the funds upon the discount of the note. He parted with nothing and gave no acquittance of any claim. But here the case is entirely different. *Briggs*, in pursuance of the agreement, has entered satisfaction upon his judgment, and furnished the money to pay off the specified debts, while the defendants have fully discharged their agreement, unless they are bound to pay the note to the plaintiff. It is difficult to perceive on what ground the plaintiff could have had the entry of satisfaction set aside, or have any claim against the defendants or either of them except upon the note.

If the plaintiff can not recover upon the note, he loses his judgment and the money he has advanced; and this would be so manifestly inequitable, that we incline to hold the note as made for the benefit of the plaintiff, and valid, although not received and discounted by the insurance company. It

can make no difference to the defendants, whether they pay the note to the company, or to the plaintiff. The beneficial interest in the note being in the plaintiff, he is entitled, under the code, to sue thereon in his own name. The demurrer, we think, was correctly overruled.

The appellants insist that the motion for a new trial should have prevailed, as the note being usurious, viewed as a note payable to the plaintiff, nothing could be recovered but the principal. We do not think any question of this kind is properly before us. The reason for a new trial was, simply, that the finding of the Court was not sustained by the evidence, and was contrary to law. If the damages found were excessive, and more than the note warranted, the motion for a new trial should have been made upon that ground. The statute specifying the causes for which a new trial may be granted, names "excessive damages," as one, and, "that the verdict or decision is not sustained by sufficient evidence, or is contrary to law," as another, clearly contemplating that the former is not embraced in the latter.

It is also insisted that the judgment for six hundred dollars is erroneous, that sum being more than the damages claimed in the complaint. The complaint demands judgment for $465.44, (the amount of the note,) together with interest from *April* 4, 1855, (the date of the note.) This we understand to mean, with interest at the rate specified in the note. Were it a proper case for the allowance of such interest, (the contrary of which, we do not decide, as it is admitted that the insurance company were authorized to take ten per cent.,) there could be no doubt, we think, that this demand of interest would relate to the rate of interest specified in the note, and so we regard it, whether the specified rate be legal, or otherwise. Thus construing the demand, the complaint claims more than the judgment is rendered for. The demand is not objectionable for not summing up the total of principal and interest demanded. The amount can be rendered certain by computation, and that is sufficiently certain which can thus be rendered certain.

We find no error in the proceedings which should reverse the judgment.

HANNA, J.—The foregoing opinion of the Court, prepared by Judge WORDEN, was pronounced at the *May* term, 1860; a rehearing was afterward granted, and the case again submitted at the last *May* term. After careful deliberation, we still adhere to the conclusion first arrived at. It should be recollected, that at the time the judgment of this Court was pronounced, in the case of *The President*, &c. v. *Ross*, 1 Blackf. 315, and which appears to stand in the way, that proceedings in law and equity were distinct in our courts. It was then determined that a suit would not lie on the note which was made to be, but was not, discounted by the bank. As between the bank and the defendant, in that case, there was really no consideration, although, it is true, the Court say the note had no legal existence; whether that was so or not, upon the facts there disclosed, we do not determine, for the facts in this case are slightly different; and that difference, it appears to us, is in favor of the plaintiff in this case. In that case, it is shown there was an existing debt from *Shannon* to *Canby*; but how, or under what circumstances, it accrued, or was secured, is not disclosed; whether *Ross*, the other maker of the note, had, or had not, any thing to do with the creation of said debt we do not know.

Here it pleaded and agreed, that the defendants, which includes *Smith*, the joint maker, but surety, should execute this note, payable to the company, but to be used for the benefit of the plaintiff, that is, discounted for his benefit. This was done in consideration that plaintiff would do certain other things. So far as *Ross* was involved, it is not shown that there was any consideration for his signature and promise. Here the plaintiff entered satisfaction of his judgment, and advanced his money to pay debts, upon the undertaking of all the defendants. It can not be that such engagement was fully discharged by the mere execution of the note, and that if not discounted the same should be, for all purposes considered, thereafter, invalid. Whatever the legal rule would be, certainly the equity would be that, as the plaintiff had advanced his money upon the faith of the promise of the three men, he should not be driven to a proceeding against two of them only, and that not upon the note.

Nov. Term,<br>1861.<hr>SPURRIER<br>v.<br>BRIGGS.

Nov. Term,
1861.

The promise was to one person, but was for the benefit of another. That other was the real party interested. Our statute is, that the real party in interest shall sue. Promises made to one, for the benefit of a third person, have been enforced by this Court, at the suit of such third person, although not a party to the instrument in which said promise was contained. See *Allen et al.* v. *Davison*, 16 Ind. 416; *Woodberry* v. *Duvall*, 15 Ind. 160.

Although the company refused to receive and discount the note, we do not think the promise therein contained ceased to have any binding efficiency. The company acquired no interest in the note; and if no other rights had intervened, it would then have performed its office; but another had an interest in that promise, and an equitable right to insist upon its performance, so far as the payment of the amount is concerned, independent of the action of the said company.

*Per Curiam.*—The judgment below is affirmed, with 1 per cent. damages and costs.

*W. T. Otto* and *J. S. Davis*, for the appellants.

*J. M. Wilson*, for the appellee.