## J. T. BEARD v. A. A. GOOCH & SON.

Decided June 29, 1910.

**1.—Briefs—Statements.**

A proposition presented by appellant's assignment of error will not be considered unless its presentation in his brief is accompanied by such statement of the facts as will enable the court to pass thereon without examining the record.

**2.—Written Instrument—Varying by Parol—Charge.**

A written lease giving the tenant no right to sell any timber from the premises except that cut from such part as "shall be actually put in cultiva-

tion" by him, was unambiguous, and a charge allowing the jury to consider a subsequent parol agreement authorizing the tenant to sell the timber before placing the land in cultivation, if the contract was uncertain and the parol agreement did not materially change its terms, was erroneous.

### 3.—Same—Statute of Frauds—Lease—Fundamental Error.

A lease of land for three years, being required to be in writing, could not be changed as to its terms by subsequent parol agreement, and a charge permitting this to be done was fundamental error.

### 4.—Action for Conversion—Title of Plaintiff.

The action being for conversion of property to which plaintiff claimed title only through contract with the defendant charged with converting it, which contract did not convey the right claimed, it was immaterial whether the title was, in fact, in defendant or in third parties. Plaintiff must show title in himself in order to recover.

### 5.—Same—Estoppel.

One purchasing timber known to have been cut by a tenant on leased premises, the lease contract forbidding him to sell same, was bound to inquire as to the tenant's authority to sell. The lessor was not estopped from claiming it, in the absence of something done by him misleading the purchaser.

### 6.—Reversal—Rendering Judgment.

The rights of the parties being clear and the facts fully developed on the trial, the appellate court, on reversing, will render judgment instead of remanding.

Appeal from the County Court of Hamilton County. Tried below before Hon. J. W. Warren.

*Langford & Chesley,* for appellant.—A written instrument which evidences a contract within the statute of frauds can not be modified or materially changed unless the same be in writing. Bullis v. Presido Mining Co., 75 Texas, 540; Burgett v. Loeb, 43 Ind. App., 657; Bradley v. Harter, 156 Ind., 499; Woodberry v. Duvall, 15 Ind., 160.

Evidence of an executory parol agreement changing the terms of a *written executory lease* is not admissible. 8 Enc. of Evidence, 62; Breher v. Reese, 17 Ill., 545; 9 Enc. of Evidence, 495, 360; Railway Co. v. Mannon, 67 S. W., 40.

The husband can not sell personal property belonging to his wife's separate estate without her consent. Magee v. White, 23 Texas, 196; Kempner v. Comer, 73 Texas, 196; Hamilton v. Brooks, 51 Texas, 142; Hudgpeth v. State, 112 S. W., 1069.

The court erred in the ninth paragraph of its charge to the jury in that it was the duty of the court to construe the written contract and determine its legal effect, and such construction should not be left to the jury. Traction Co. v. Parks, 93 S. W., 130; Galveston Ry. Co. v. Hewett, 67 Texas, 473; Austin v. Talk, 26 Texas, 130; Traction Co. v. Yost, 88 S. W., 428; Passmore on Instruction to Juries, secs 89, 90.

*J. L. Lewis* and *Eidson & Eidson,* for appellees.—No statement following each assignment or the proposition thereunder as required by the rules, it is impossible to tell from the brief what these assignments re-

late to, and, as presented, no error appears. Rule 31 of this court; Kirby Lumber Co. v. Chambers, 95 S. W., 607; Carlisle v. Gibbs, 98 S. W., 192; Robertson v. Warren, 100 S. W., 805; Sterling v. Le Laune, 105 S. W., 1169.

The appellant, having made a contract for the improvement of the land in his own name and as his own property, and his wife, the owner of the land, knowing of such contract and consenting to its execution, would have the right, after the wood had been cut from the land, to authorize the witness White to sell the same; and after White had sold the wood and the appellant appropriated it to his own use, or converted it to his own use, he would be liable to the owner for the value of such wood, irrespective of any or all provisions of the original written contract made and entered into between the appellant and White.

The appellant having contracted and treated the wood in controversy in this suit as his own property, and having entered into the contract, not as the agent of his wife but in his own name, he could not in this suit defeat the appellees by claiming that the land from which the wood was taken was not his land, but belonged to another. Williams v. L. A. H. Blum Land Co., 55 S. W., 374; Book v. Jones, 98 S. W., 891.

KEY, ASSOCIATE JUSTICE.—Appellees instituted this suit against appellant, seeking to recover the value of 102 cords of wood which they alleged was their property and had been unlawfully converted by appellant. Appellant answered by exceptions, a general denial and certain special pleas. There was a jury trial which resulted in a verdict and judgment in favor of appellees for $204.

Appellees object to a consideration of some of appellant's assignments of error, because, as presented in appellant's brief, they are not accompanied by such statements as will enable the court to pass upon the assignments without examining the statement of facts to see what testimony was given by certain witnesses. There is merit in the objections, and if other grounds for reversal did not appear the case would not be reversed on account of the assignments complaining of the rulings made in reference to the admission of testimony.

There is no objection to the ninth assignment of error, which complains of the tenth paragraph of the court's charge, wherein the jury were instructed that if they believed from a preponderance of the evidence that, in addition to the written contract introduced in evidence, there was a parol agreement which did not materially change the terms of the written contract, they should consider such parol agreement for the purpose of determining the question of title to the wood. In order for the plaintiffs to recover it was necessary for them to show that the wood in question belonged to them, and that it had been converted by the defendant. They submitted proof showing that they had bought the wood from a man by the name of Tol White; that White had leased a tract of land from the defendant and had obtained the wood from trees grown upon that land. A written lease signed by Tol White and

the defendant was introduced in evidence, by the terms of which the defendant leased to White a certain tract of land for a period of time extending from January 1, 1908, until December 31, 1910. The tract of land consisted of 40 acres, and it was stipulated in the contract that White was to put the entire tract in cultivation, not less than 15 acres thereof during the year 1908, and not less than 15 acres during the year 1909, and the remainder during the year 1910; that contract provided that a failure on White's part to put the land in cultivation as stipulated should operate as a forfeiture, and authorize the defendant to take charge of the premises. It also contained the following stipulation: "The said party of the second part shall be allowed to convert to his own use all of the wood and timber actually taken from the land that may be put in cultivation by him; but is not to be allowed to sell or dispose of any of the wood or timber now standing or growing upon any part of the land herein conveyed, except such part thereof as shall be actually put in cultivation." The undisputed proof shows that White breached the contract by failing to put in cultivation as much as 15 acres during the year 1908, which breach resulted in a forfeiture of any rights he had under the contract.

There is no ambiguity in the terms of the written contract, and the trial court should have construed it and instructed the jury as to its purport and meaning. This the court failed to do, but did instruct the jury that such a written contract was binding upon the parties and could not be changed in any material part except by a writing based upon a valuable consideration. The court then instructed the jury as follows:

"9. I further instruct you that while, as hereinbefore explained, a written contract such as the one introduced in evidence before you, can not be changed or modified in any material part thereof by oral agreement, I further charge you that if said contract is defective or uncertain in any particular the parties thereto may supplement the same by a subsequent oral agreement. And in such event said oral agreement would be of the same binding force and effect as any other oral agreement or contract when the same is proven.

"10. I therefore charge you that if you believe from a preponderance of the evidence that in addition to the written contract introduced in evidence there was a parol agreement which did not materially change the terms thereof you will consider said parol agreement, if any, the same as any other oral testimony for the purpose of determining the question of title to the wood in question."

We hold that these paragraphs of the charge constitute fundamental error. There being no ambiguity in the written contract, and it being one which the statute of frauds required to be in writing, parol evidence was not admissible for the purpose of changing or modifying any of its terms. And it was certainly and radically erroneous for the court to instruct the jury that they might consider proof of a parol agreement, which did not materially change the terms of the written contract, in determining the question of ownership of the wood. Over appellant's

objection, the court permitted appellees to introduce testimony tending to show a subsequent parol agreement between appellant and his lessee, White, changing the stipulation of the contract above quoted and authorizing White to sell the wood before he had put any land in cultivation. Of course, that testimony tended to show a material change in the written contract, and there was no testimony tending to show an immaterial change, and yet the trial court, in effect, instructed the jury as set out above. That charge constitutes material and reversible error.

Having decided that the case must be reversed, we deem it proper to consider the assignments which complain of the action of the trial court in permitting the plaintiffs to introduce testimony tending to show a subsequent parol agreement between White and appellant, by which the latter authorized him to sell the wood, although he had not complied with the terms of the written contract. Proof of such parol agreement constituted a material change in the written contract; and the latter being a contract for the lease of real estate for a term of more than one year it was required by the statute of frauds to be in writing; and we therefore hold that any subsequent contract or agreement, changing any of its terms, must also be in writing. (Burgett v. Loeb, 43 Ind. App., 657, 88 N. E., 346; Bradley v. Harter, 156 Ind., 499; Woodberry v. Duvall, 15 Ind., 160.)

We deem it unnecessary to consider that phase of the testimony which tends to show that the leased land did not belong to appellant, but belonged to his wife and her children by a former husband. If it be conceded that appellant, having contracted with White as though appellant was owner of the land, will not be permitted in this case to deny such ownership, still, the fact remains that appellees deraign their title to the wood from White, and White had no title or right thereto other than such as he obtained under and through the written contract, by the terms of which it is expressly stipulated that he "is not to be allowed to sell or dispose of any of the wood or timber now standing or growing on any part of the land herein conveyed, except such part thereof as shall be actually put in cultivation." The wood in question was taken by White from the land which he had not and never has put in cultivation; and therefore, by the terms of the written contract, he had no authority to sell or dispose of it.

There is no question of estoppel in the case. The testimony fails to show that appellees were induced to purchase the wood from White on account of anything said or done by appellant. On the contrary, the undisputed testimony shows that while appellees were aware of the fact that White was selling them wood from land held by him under a lease, they made no efforts to ascertain from appellant whether or not the lease contract was in writing, and whether or not White had authority to sell the wood.

The case appears to have been fully developed; and, according to the undisputed facts, the wood in question was not the property of the plaintiffs and they are not entitled to recover anything in this suit. There-

fore the judgment of the trial court is set aside and reversed, and judgment here rendered for appellant Beard.

*Reversed and rendered.*