**EPSTEIN et ux. v. D. & A. OPPENHEIMER.**

No. 9841.

Court of Civil Appeals of Texas. San Antonio.

April 8, 1936.

Rehearing Denied June 3, 1936.

B. W. Teagarden, of San Antonio, and Raymond, Algee, Alvarado & Guerra, of Laredo, for appellants.

VanderHoeven & Greathouse and H. M. Zuercher, all of San Antonio, for appellees.

SMITH, Chief Justice.

This action was brought by D. & A. Oppenheimer, appellees, against William Epstein and wife, appellants, to recover the amount of two promissory notes, dated March 22, 1929, and payable five years after date, for the principal sums of $24,000 and $23,000, respectively, and to foreclose a deed of trust lien upon certain business lots in the city of Laredo. From a personal judgment against William Epstein for the amount of the debt, and foreclosure of the lien as against both of the Epsteins, they have appealed.

Appellants did not deny execution of the notes or deed of trust, or plead payment of the debt, in whole or in part. But they did plead, in substance, that late in the year 1931, desiring that the property, then unimproved, be put to earning revenues during the term of the encumbrance, they entered into an oral agreement with appellees that if appellants would put substantial improvements upon the lots and thereby enhance the value of the security, appellees

"would carry and extend the interest on said indebtedness if defendants were unable to pay same as it matured, until such time as the rents and revenues from said property so improved would be sufficient to pay such interest, and to extend the principal thereof at maturity a reasonable length of time; that relying upon such promise and agreement, improvements consisting of a one-story building containing five store-rooms was commenced about the month of January, 1932, and completed in the summer of the same year, at a cost to defendants of approximately $25,000.00"; that because of the current and universal financial depression, appellants were unable to procure tenants for said buildings, which remained, and still remain, vacant, thus depriving appellants of any revenues therefrom, whereas under normal conditions they could and would have yielded $600 per month rentals; that appellants paid the first two installments of interest, but were unable to meet subsequent payments, although they hoped and believed conditions would improve so that by March, 1933, the property would be producing sufficient revenue to meet the installment then maturing, but that, if not, appellees would observe and carry out their agreement to extend same, which they did until filing this suit in November, 1933, and would extend the maturity of said notes for a reasonable period.

The foregoing allegations were stricken by the trial court upon appellees' exceptions that the alleged parol agreement, if enforced, (1) would vary the terms of the written contract set up by appellees; (2) was "wholly without consideration, null and void"; (3) was not pleaded "with sufficient particularity as to time of performance, and is entirely too indefinite"; (4) was not to be performed within the period of "one year from the making thereof, was oral, and was within the Statute of Frauds."

■ The rule seems to be well settled that where, as in this case, the consideration for a contract is required by the statute of frauds (Vernon's Ann.Civ.St. art. 3995) to be in writing, and is so expressed, it cannot be modified by a subsequent parol agreement. Boehl v. Wadgymar, 54 Tex. 589; Kistler v. Latham (Tex.Com.App.) 255 S. W. 983; Hooks v. Bridgewater, 111 Tex. 122, 229 S.W. 1114, 15 A.L.R. 216; Beard v. A. A. Gooch & Son, 62 Tex.Civ.App. 69, 130 S.W. 1022, 1023; Adams v. Hughes (Tex.Civ.App.) 140 S.W. 1163; Schofield v. Pyron (Tex.Civ.App.) 257 S.W. 350. Here,

the consideration of the contract consisted of the payment of semiannual installments of interest over a period of years, and the payment of the principal at the expiration of the installment period, and was therefore required by the statute of frauds to be, and was, expressed in writing. The alleged parol agreement was that in a prescribed contingency the installment payments were to be paid only if and when the rents from the property were sufficient to meet such payments, and that appellees should extend the maturity of the principal to an indefinite and undetermined time in the future. If given effect the parol agreement would constitute an entirely new and different contract between the parties from that expressed in their solemn written covenant. Under the authorities cited, the courts cannot give effect to parol evidence and agreements for the purpose of altering and thereby destroying written contracts.

■ The notes in suit provided for the payment of 10 per cent. of the principal and interest as attorney's fees, in event of suit upon the obligations. The proof showed that appellees employed their attorneys in this case to institute and prosecute the suit, and agreed to pay the attorneys 10 per cent. of the amount of the debt collected, for their services. Appellants attack the judgment in this respect, complaining thereat, for the first time, in this court. We overrule the proposition presenting this question. In the first place, the judgment was properly rendered for attorneys' fees. In the second place, appellees' pleadings and prayer for attorneys' fees were not questioned by defensive pleadings, exceptions, objections, or motions by appellants below, and cannot be questioned for the first time on appeal. 6 Tex.Jur. p. 1031 et seq., §§ 332, 333.

Appellants object, in their sixth proposition, to the judgment against William Epstein, upon the ground that he executed the notes pro forma, and without consideration, in conjunction with his wife, alleged to be the principal obligor. We overrule the proposition. The notes were executed unconditionally by both appellants, as joint makers, and without qualification affecting the liability of either. This liability was questioned by appellants in neither pleadings nor evidence below, and cannot be questioned on this appeal for the first time.

The notes in question obligated appellants to pay the amount thereof in "United States Gold Coin," and the judgment provided that payment be made in that specie.

If, as appellants contend, such provisions in contracts between citizens have been abrogated by federal legislation, we apprehend that appellants have not been injured by this judgment, which can no doubt be satisfied by payment in whatever legal tender may be in vogue when and if execution finally issues in this cause.

The judgment is affirmed.